IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WADE THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:02-cv-969-GPM |
| | ) | |
| TWYLA WALTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER TO RESPOND**

On August 30, 2005 and September 1, 2005, the defendants filed a motion for summary judgment accompanied by an affidavit, exhibits, and/or deposition pursuant to Rule 56(b) of the Federal Rules of Civil Procedure.  Because of your status as pro se plaintiff, you are advised that failure to adequately  respond to defendant's motion could result in a judgment for the defendants and a dismissal of your claim.  Bryant v. Madigan, 84 F.3d 246 (7th Cir. 1996); Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982).

By their motion for summary judgment, the defendants are asking to have this lawsuit decided in their favor without a trial based on the evidence presented in the affidavits and documents attached to their motions.  Any factual assertion in the affidavits will be accepted by the Court as being true unless you submit your own affidavits or other documentary evidence contradicting the assertions.  If you fail to submit affidavits or other documentary evidence **it will be** the equivalent of failing to present any evidence in your favor at a trial of this matter.

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment, and that rule must be complied with by you in submitting any further response to the defendant's

1

motion. Rule 56 provides in pertinent part:

> (c) . . . The judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . . .
>
> (e) Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories or further affidavits. <u>When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.</u>

Fed. R. Civ. P. 56 (emphasis added).

Under Rule 56 of the Federal Rules of Civil Procedure, you have a right to respond to the motions and accompanying sworn material by filing your own affidavit or other sworn responses. Although the mere filing of affidavits or other responsive materials will not guarantee the denial of defendant's motion, your response will enable the Court to consider more meaningfully all relevant factors. If you do not respond to the motion with your own affidavits to dispute the facts established by the defendant, a summary judgment may be entered against you if, on the basis of the facts established by the defendant, the defendant is entitled to a judgment as a matter of law. Unless you respond to this motion with sworn statements which contradict important facts claimed by the defendant in their sworn materials, the Court will accept the defendant's

uncontested facts as true.  More importantly, you will lose this lawsuit, in whole or in part, if the Court determines that, under those unchallenged facts, the defendant is entitled to judgment under the law.

In the event you elect to respond to the defendant's motion, your response must include or be supported by sworn statements or other responsive materials.  You cannot merely rely upon any conflict or inconsistency between the contents of the complaint and the affidavit or other sworn materials filed in support of the defendants' motion.  If you submit an affidavit or affidavits in support of your responses, the facts in the affidavits must be personally known to the person making the affidavit and not be hearsay; the facts must be specific and not general.  Merely denying the facts in the sworn material filed by the defendants in support of their motion or giving opinions or beliefs is not enough.

**The plaintiff shall respond and file any such affidavits or other evidence with the Court no later than November 3, 2005.**


**DATED: September 15, 2005**

                                              <u>s/Donald G. Wilkerson</u>
                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**