IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WADE THOMAS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:02-cv-969-GPM |
| | ) | |
| TWYLA WALTON, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER**

This matter is before the Court on the Motion for Appointment of Counsel (Doc. 45) filed by the plaintiff, Wade Thomas, July 6, 2005. The Motion is **DENIED**.

There is no constitutional or statutory right to counsel by a civil litigant. Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995). Discretion, however, is granted to the Court by 28 U.S.C. § 1915(e)(1). Under *Special Order No. 13, Order Amending Local Rule 1(f)*, as promulgated by the United States District Court for the Southern District of Illinois, every member of the bar of this Court shall be available for appointment to represent an indigent. In Heidelberg v. Hammer, 577 F. 2d 429 (7th Cir. 1978), the Court recognized that the question of whether or not to request an attorney to represent a plaintiff rests in the sound discretion of the District Court "unless denial would result in fundamental unfairness impinging on due process rights" Id at 431. The Court may only request counsel to represent an indigent if the likelihood of success is more than just doubtful. Miller v. Pleasure, 296 F.2d 283, 284 (2nd Cir. 1961).

The threshold burden the litigant must meet is to make a reasonable attempt to secure

1

private counsel. Zarnes, 64 F.3d at 288. After meeting the threshold burden, there are five factors that a district court should consider in ruling on a request to appoint counsel. Those factors are (1)whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent person to present the case; and (5) the complexity of the legal issues raised by the complaint. See Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983); McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982); Maclin v. Freake , 650 F.2d 885,887-889 (7th Cir. 1981).

Thomas asserts that he made repeated efforts to obtain counsel, without success. He has attached 10 letters to his motion. Therefore, Thomas has met his threshold burden. As the plaintiff was not able to secure a lawyer in private practice, who could take his case on a contingent fee basis, this could be an indication that his suit had no merit. Farmer v. Haas, 990 F.2d 319, 321 (7th Cir. 1993). However, while it appears that Thomas' claims appear to be colorable, it also appears that he has the ability to investigate the facts crucial to his claims. The Court notes that Thomas has actively and proficiently conducted discovery and motion practice in this case. He has followed the directions given to him by the District Court and this Court. Thomas indicates in his motion that he has written documentation to prove "at least one of the defendants is a liar." Thereby showing that he has the ability to expose the truth. His claims rest on his credibility, the credibility of the defendants, documentary evidence and medical records. The Federal Rules of Civil Procedure enable Thomas to gather the information he needs to prosecute his case. Thomas also has the ability to present his case. This Court takes note of the fact that Thomas filed numerous pleadings with the Court that are well-written. He has

articulated the legal and factual bases for his claims. Thomas has demonstrated the ability to make arguments and assert his claims. In sum, the facts and issues in this case are not so complex that Thomas cannot adequately present his case without counsel.

**DATED: February 8, 2006.**

                **s/ Donald G. Wilkerson**
                **DONALD G. WILKERSON**
                **United States Magistrate Judge**