IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WADE THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  3:02-cv-969-GPM |
| ) | |
| TWYLA WALTON, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court *sua sponte* on the issue of service of process with respect to defendants C/O Chad Adams, C/O Bauchman, Mark Bundren, Brock Harris, Gregory Lambert, Chester Langlin, Capt. McCoy, C/O Gene Simpson, Lt. Tucker, Jerrod Walker, C/O Albert Wehrheim and Vicki Wright, for a Report and Recommendation.  For the reasons set forth below, it is **RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** as to defendants **C/O Chad Adams, C/O Bauchman, Mark Bundren, Brock Harris, Gregory Lambert, Chester Langlin, Capt. McCoy, C/O Gene Simpson, Lt. Tucker, Jerrod Walker, C/O Albert Wehrheim** and **Vicki Wright**, and that the Court adopt the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

Plaintiff originally filed this action in the Circuit Court for Alexander County, Illinois. Defendants removed this action to this District.  With leave of Court, Plaintiff, Wade Thomas (Thomas), filed an Amended Complaint (Doc. 38), which consisted of 24 claims against 77 Defendants.  On July 21, 2004 the District Court issued a Memorandum and Order (Doc. 39) dismissing some claims and defendants.  The July 21st Order also referred this matter to the

Magistrate Judge, and Wade was ordered to effect service on the above defendants[1] (except Jerrod Walker) by September 14, 2004. Jerrod Walker was to be served by November 18, 2004. There is no indication in the Court file that any of the above-mentioned defendants have been served.

On July 27, 2005, this Court ordered Thomas to show cause by August 19, 2005, in writing, why the above-named defendants should not be dismissed without prejudice for lack of service of process. Thomas failed to show cause by the August 19, 2005 date, nor has he shown cause by the date of this Report and Recommendation.

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 4 governs service of the summons and complaint on defendants in Federal Court. Rule 4(c)(1) and 4(m) provide that the summons and complaint shall be served on the defendants within 120 days of filing the Complaint. Rule 4(m) also provides that the Court may extend service for good cause shown. The Court did so and Chief Judge Murphy in a Memorandum and Order filed on July 21, 2004 (Doc. 39) directed the Plaintiff to effect service on the above-mentioned individuals within 60 days of the entry of his order (which would have been September 19, 2004). Rule 4(c)(2) states that "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age." Rule 4(e) provides that service upon individuals within this district can be effected by following the laws of this state, or:

> by delivering a copy of the summons and the complaint to the individual personally or by leaving copies thereof at the

---

[1] As this case was originally commenced in state court, many of the Defendants were already served with process and have entered an appearance.

>individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

>Rule 4(e)(2).

Thus, the Federal Rules provide for when, by whom, and how the summons and Complaint can be served. The Illinois rules concerning service of process are located in 735 Illinois Compiled Statutes 5/2-201-213. Service of process must be accomplished, based on the particular circumstances, by a sheriff, coroner, a licensed private detective, or by a private person over 18 years of age who is not a party (with Court approval). 735 ILL. STAT. COMP. §5/2-202. Service of an individual is accomplished by delivering summons to the defendant personally or by leaving a copy at the defendants usual place of abode and also mailing a copy to the defendant. 735 ILL. STAT. COMP. §5/2-203.

In this case, it does not appear that Thomas attempted service, or if he did, it was done in an unknown manner. Thomas has neither followed the instructions in Federal Rule of Civil Procedure 4(e), nor has he followed the procedures outlined by Illinois law. The Court does not know if he ever attempted service, or if he did, how he attempted service. There is no indication that the defendants were ever served, although Twyla Walton filed a responsive pleading. Moreover, if service was attempted, we do not know when. Additionally, the record does not demonstrate that Thomas sought seek leave of court to serve defendants at their place of employment.

For the reasons set forth above, it is **RECOMMENDED** that, pursuant to Rule 4(m), the Amended Complaint be **DISMISSED WITHOUT PREJUDICE** as to defendants C/O Chad Adams, C/O Bauchman, Mark Bundren, Brock Harris, Gregory Lambert, Chester Langlin, Capt.

McCoy, C/O Gene Simpson, Lt. Tucker, Jerrod Walker, C/O Albert Wehrheim and Vicki Wright, and that the District Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(B)(1) and Local Rule 73.1, the parties shall have ten (10) days after the service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F. 3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F. 3d 595, 598 (7th Cir. 2003).

**DATED: February 13, 2006.**

                 **s/ Donald G. Wilkerson**
                 **DONALD G. WILKERSON**
                 **United States Magistrate Judge**